# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Choice Financial Group, a North Dakota State Bank,<br><br>             Plaintiff,<br>v.<br><br>Striker Brands, LLC and James K. Poucher,<br><br>             Defendants. | Civil File No. 25-cv-896<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. § 1441 *et seq.*, defendants Striker Brands, LLC and James K. Poucher, by and through their undersigned counsel, hereby gives notice of its removal to this Court of Civil Action No. 2025CV000494 from the Circuit Court for St. Croix County for the State of Wisconsin, ("State Court") and, in support thereof, respectfully state as follows:

1.  Plaintiff Choice Financial Group filed this action in State Court (the "State Court action") on or about October 2, 2025. Pursuant to 28 U.S.C. § 1446(a), a complete copy of the Summons and Complaint in the State Court action is attached hereto as Exhibit A.

2.  Defendant first received a copy of the Summons and Complaint on October 14, 2025. Pursuant to 28 U.S.C. § 1446(b) this Notice of Removal is timely because it has been filed within thirty days after defendants' receipt of the Summons and Complaint.

3.  This Court has original jurisdiction over the State Court action pursuant to 28 U.S.C. § 1332(a) because plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

    a.  Plaintiff Choice Financial Group is a North Dakota state bank with its principal place of business in Fargo, North Dakota.

    b. Defendant Striker Brands, LLC is a Minnesota limited liability company with James Poucher being its sole member.

    c. Defendant James Poucher is domiciled in the state of Florida.

    d. The amount in controversy exceeds $75,000.00 as the amount plaintiff claims it is owed is in excess of $9,000,000.00.

4. The State Court action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and this Court is the district and division "embracing the place where the [State Court action] is pending." 28 U.S.C. § 1441(a).

5. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removal of the State Court action to this Court is appropriate.

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on plaintiff and filed with the Clerk of the Circuit Court for St. Croix County, State of Wisconsin.

WHEREFORE, defendants hereby remove the State Court action to this Court.

**BERNICK LIFSON, P.A.**

Dated: October 31, 2025

*s/Jack E. Pierce*
Jack E. Pierce
600 Highway 169 South, Suite 1700
Minneapolis, MN 55426
Tel: 763-546-1200
Fax: 763-546-1003
jpierce@bernicklifson.com

*Attorney for Defendants*

# EXHIBIT A

| STATE OF WISCONSIN | CIRCUIT COURT | ST. CROIX COUNTY |

Choice Financial Group, a North Dakota
State Bank  6210 Wayzata Blvd., Golden
Valley, MN 55416

                Plaintiff,

vs.

STRIKER BRANDS LLC,
a Minnesota Limited Liability Company
5009 Sandpebble Lane, Woodbury, MN
55129

JAMES K. POUCHER
4750 Sunset Marsh Ln
Fort Meyers, FL 33966-1169

                Defendants.

Case No.: _____
Case Codes:   30301 (Money Judgments)
                     31003 (Replevin)

**SUMMONS**

To each person and entity named above as a defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action. Within twenty (20) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is: St. Croix County Courthouse, 1101 Carmichael Rd., Hudson, WI 54016, and to Plaintiff's attorney, Michael A. Rosow, whose address is Maslon, LLP 225 South Sixth Street, Suite 2900, Minneapolis, MN 55402. You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated: October 2, 2025

**MASLON LLP**
By: */s/Michael A. Rosow*
Michael A. Rosow (WI Bar No. #1114949)
Maslon LLP
225 South Sixth Street, Suite 2900
Minneapolis, Minnesota 55402
Tel: 612-672-8322

michael.rosow@maslon.com
**Attorney for Plaintiff Choice Financial Group**

POST OFFICE ADDRESS:
Maslon LLP
225 South Sixth Street, Suite 2900
Minneapolis, Minnesota 55402
Tel: 612-672-8200
michael.rosow@maslon.com

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **ST. CROIX COUNTY** |

Choice Financial Group, a North Dakota
State Bank  6210 Wayzata Blvd., Golden
Valley, MN 55416

                  Plaintiff,

vs.

STRIKER BRANDS LLC,
a Minnesota Limited Liability Company
5009 Sandpebble Lane, Woodbury, MN
55129

JAMES K. POUCHER
4750 Sunset Marsh Ln
Fort Meyers, FL 33966-1169

                  Defendants.

Case No.: _____
Case Codes: 30301 (Money Judgments)
                 31003 (Replevin)

**COMPLAINT**

---

Choice Financial Group (**"Plaintiff"** or **"Lender"**), as and for its Complaint against Defendants Striker Brands, LLC (**"Striker"** or **"Borrower"**) and James K. Poucher (**"J. Poucher"** or **"Guarantor"**), states and alleges as follows:

## PARTIES

1. Lender is a North Dakota state bank with its principal business office located at 4501 23rd Avenue S., Fargo, ND 58104.

2. Striker is a Minnesota Limited Liability Company with a principal executive office address of 579 Schommer Dr., Suite B, Hudson, Wisconsin 54016 and a physical business presence at 651 Commerce Drive, Hudson, WI 54016.

3. J. Poucher is an individual resident of the state of Florida.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in Wisconsin because each of the parties is engaged in substantial business activities within the state pursuant to Wisc. Stat. § 801.05.

5. Venue is proper in St. Croix County pursuant to Wisc. Stat. § 801.50 because, among other things, property that is the subject of this action is located in St. Croix County, all or a portion of Lender's claim arose in St. Croix County, and each of the parties do substantial business in St. Croix County.

## FACTUAL BACKGROUND[1]

**The Loans**

### $7 Million Line of Credit

6. Striker and Lender entered into that certain Business Loan Agreement (Asset Based) dated as of March 29, 2023 (as amended from time to time, the "**$7 Million Loan Agreement**"). A true and correct copy of the $7 Million Loan Agreement is attached hereto as **Exhibit 1**.

7. Pursuant to the $7 Million Loan Agreement, Lender agreed to provide a credit facility to Striker evidenced by that certain Promissory Note dated as of March 29, 2023, as amended from time to time (the "**$7 Million Note**"), made by Striker in favor of Lender. A true and correct copy of the $7 Million Note is attached hereto as **Exhibit 2**.

8. The indebtedness under the $7 Million Loan Agreement and other Loan Documents (defined below) (the "**Striker Obligations**") are secured by the terms of a Commercial Security Agreement dated March 29, 2023, as amended from time to time (the "**$7 Million Security

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings provided in the Loan Documents.

Agreement"), by and between Striker and Lender. A true and correct copy of the $7 Million Security Agreement is attached hereto as **Exhibit 3**.

9. The $7 Million Security Agreement grants Lender a security interest in certain property described in the $7 Million Security Agreement including, but not limited to, Striker's inventory, equipment, fixtures, accounts, deposit accounts, goods, investment property, and all proceeds and products of the foregoing (the "**$7 Million Security Agreement Collateral**").

10. To further secure the Striker Obligations, J. Poucher executed and delivered to Lender a Commercial Guaranty dated March 29, 2023, as amended from time to time (the "**J. Poucher $7 Million Guaranty**"). Pursuant to the terms of the J. Poucher $7 Million Guaranty, J. Poucher agreed to guarantee, unconditionally and absolutely, all obligations of any kind, now existing or hereafter incurred, including, without limitation the obligations under the $7 Million Loan Documents (defined below) and the other Striker Obligations, owed by Striker to Lender. A true and correct copy of the J. Poucher $7 Million Guaranty is attached hereto as **Exhibit 4**.

11. The $7 Million Loan Agreement, $7 Million Note, $7 Million Security Agreement, J. Poucher $7 Million Guaranty, and all documents executed in connection with the foregoing may be referred to collectively herein as the "**$7 Million Loan Documents**".

### $3.5 Million Line of Credit

12. Striker and Lender entered into that certain Business Loan Agreement (Asset Based) dated as of May 10, 2023, as amended from time to time (the "**$3.5 Million Loan Agreement**"). A true and correct copy of the $3.5 Million Loan Agreement is attached hereto as **Exhibit 5**.

13. Pursuant to the $3.5 Million Loan Agreement, Lender agreed to provide a credit facility to Striker evidenced by that certain Promissory Note dated as of August 14, 2018, as

amended from time to time (the "**$3.5 Million Note**"), made by Striker in favor of Lender. A true and correct copy of the $3.5 Million Note is attached hereto as **Exhibit 6**.

14. The indebtedness under the $3.5 Million Loan Agreement and other Loan Documents (defined below) are secured by the terms of a Commercial Security Agreement dated May 10, 2023, as amended from time to time (the "**$3.5 Million Security Agreement**"), by and between Striker and Lender. A true and correct copy of the $3.5 Million Security Agreement is attached hereto as **Exhibit 7**.

15. The $3.5 Million Security Agreement grants Lender a security interest in certain property described in the $3.5 Million Security Agreement including, but not limited to, Striker's inventory, equipment, fixtures, accounts, deposit accounts, goods, investment property, and all proceeds and products of the foregoing (the "**$3.5 Million Security Agreement Collateral**").

16. To further secure the Striker Obligations, J. Poucher executed and delivered to Lender a Commercial Guaranty dated August 1, 2022, as amended from time to time (the "**J. Poucher $3.5 Million Guaranty**"). Pursuant to the terms of the J. Poucher $3.5 Million Guaranty, J. Poucher agreed to guarantee, unconditionally and absolutely, all obligations of any kind, now existing or hereafter incurred, including, without limitation the obligations under the $3.5 Million Loan Documents (defined below) and the other Striker Obligations, owed by Striker to Lender. A true and correct copy of the J. Poucher $3.5 Million Guaranty is attached hereto as **Exhibit 8**.

17. The $3.5 Million Loan Agreement, $3.5 Million Note, $3.5 Million Security Agreement, J. Poucher $3.5 Million Guaranty, and all documents executed in connection with the foregoing may be referred to collectively herein as the "**$3.5 Million Loan Documents**".

### $1 Million Loan

18.     Striker and Lender entered into that certain Business Loan Agreement dated as of October 11, 2018, as amended from time to time (the "**$1 Million Loan Agreement**"). A true and correct copy of the $1 Million Loan Agreement is attached hereto as **Exhibit 9**.

19.     Pursuant to the $1 Million Loan Agreement, Lender agreed to provide a credit facility to Striker evidenced by that certain U.S. Small Business Administration Note dated as of October 11, 2018, as amended from time to time (the "**$1 Million Note**" and, collectively with the $7 Million Note and $3.5 Million Note, the "**Striker Notes**"), made by Striker in favor of Lender. A true and correct copy of the $1 Million Note is attached hereto as **Exhibit 10**.

20.     The indebtedness under the $1 Million Loan Agreement and other Loan Documents (defined below) are secured by the terms of a Commercial Security Agreement dated October 11, 2018, as amended from time to time (the "**$1 Million Security Agreement**" and, collectively with the $7 Million Security Agreement and $3.5 Million Security Agreement, the "**Striker Security Agreements**"), by and between Striker and Lender. A true and correct copy of the $1 Million Security Agreement is attached hereto as **Exhibit 11.**

21.     The $1 Million Security Agreement grants Lender a security interest in certain property described in the $1 Million Security Agreement including, but not limited to, Striker's inventory, equipment, fixtures, accounts, deposit accounts, goods, investment property, and all proceeds and products of the foregoing (the "**$1 Million Security Agreement Collateral**" and, collectively with the $7 Million Security Agreement Collateral, and $3.5 Million Security Agreement Collateral, the "**Striker Collateral**").

22.     To further secure the Striker Obligations under the $1 Million Loan Agreement and other Loan Documents (defined below), J. Poucher and Leslie Ann Poucher (**"L. Poucher"**)

executed and delivered to Lender that certain Mortgage dated October 11, 2018, as amended from time to time (the "**Ramsey County Mortgage**"), recorded as document number T02626616 by the Ramsey County Office of the Registrar of Titles for the State of Minnesota, encumbering real property located in North Oaks, Minnesota.

23. To further secure the Striker Obligations under the $1 Million Loan Agreement and other Loan Documents (defined below), J. Poucher, L. Poucher, and the James K. Poucher and Leslie Ann Poucher Revocable Trust UAD February 15, 2018 (the "**Trust**"), executed and delivered to Lender that certain Mortgage dated October 11, 2018, as amended from time to time (the "**Lee County Mortgage**"), recorded as instrument number 2018000253570 by the Lee County Clerk of the Circuit Court for the State of Florida.

24. To further secure the Striker Obligations under the $1 Million Loan Agreement and other Loan Documents (defined below), J. Poucher, L. Poucher, and the Trust executed and delivered to Lender that certain Mortgage dated October 11, 2018, as amended from time to time (the "**Washburn County Mortgage**" and, collectively with the Ramsey County Mortgage and Lee County Mortgage, the "**Striker Mortgages**"), encumbering real property located in Spooner, Wisconsin.

25. To further secure the Striker Obligations, J. Poucher executed and delivered to Lender a U.S. Small Business Administration Unconditional Guaranty dated October 11, 2018, as amended from time to time (the "**J. Poucher $1 Million Guaranty**" and, collectively with the J. Poucher $7 Million Guaranty, and J. Poucher $3.5 Million Guaranty, the "**J. Poucher Striker Guaranties**"). Pursuant to the terms of the J. Poucher $1 Million Guaranty, J. Poucher agreed to guarantee, unconditionally and absolutely, payment to Lender of all amounts owing under the $1

6

Million Note. A true and correct copy of the J. Poucher $1 Million Guaranty is attached hereto as **Exhibit 12**.

26. The $1 Million Loan Agreement, $1 Million Note, $1 Million Security Agreement, Striker Mortgages, J. Poucher $1 Million Guaranty, and all documents executed in connection with the foregoing may be referred to collectively herein as the **"$1 Million Loan Documents"**.

27. Hereinafter the $7 Million Loan Documents, $3.5 Million Loan Documents, $1 Million Loan Documents, and all documents executed in connection with the foregoing may be referred to collectively herein as the "**Loan Documents**".

## Defaults Under the Loan Documents

28. The Borrower defaulted under the Loan Documents by, among other things (the "**Defaults**"):

    A. The $7 Million Note matured in accordance with its terms on June 30, 2025, and Striker has failed to repay in full all indebtedness due and owing under the $7 Million Loan Documents;

    B. The aggregate principal amount of the outstanding advances under the $7 Million Note exceeds the borrowing base, and Striker has failed to pay to Lender the amount equal to the difference between the outstanding principal balance of the advances and the Borrowing Base;

    C. Striker failed to reduce the principal balance of the $7 Million Note to zero for thirty (30) consecutive days between January and April of 2025 as required by the $7 Million Loan Agreement;

D. The $3.5 Million Note matured in accordance with its terms on June 30, 2025, and Striker has failed to repay in full all indebtedness due and owing under the $3.5 Million Loan Documents;

E. Striker failed to pay amounts due pursuant to its lease with Poucher Properties, LLC which constitutes a default in favor of third party under the Loan Documents; and

F. As a result of the foregoing events of default, an event of default has occurred and is continuing under the "Other Defaults" paragraph of the $1 Million Loan Agreement.

29. Because of the Defaults, Lender is entitled to immediately exercise all of its rights and remedies including, without limitation, its rights and remedies under the Loan Documents, and applicable law, and specifically including: (a) the right to have a receiver appointed to liquidate the assets of Borrower; and (b) the right to have an order for claim and delivery (replevin) entered with respect to all assets of Borrower.

## Amounts Due

30. As of September 26, 2025, the following amounts are due and owing to Lender:

$7 Million Note

| | |
|---|---|
| Principal | $6,849,858.33 |
| Accrued Interest | $172,461.99 |
| Late Charge | $2,485.70 |
| Total Due as of 9/26/25 | $7,024,806.02 |

$3.5 Million Note

| | |
|---|---|
| Principal | $2,750,180.00 |
| Accrued Interest | $48,991.36 |
| Late Charge | $1,058.23 |
| Total Due as of 9/26/25 | $2,800,229.59 |

$1 Million Note

| | |
|---|---|
| Principal | $190,662.83 |
| Accrued Interest | $705.20 |
| Late Charge | $0.00 |
| Total Due as of 9/26/25 | $191,368.03 |

31. In addition to the foregoing sums, Lender is entitled to recover from Striker and J. Poucher all collection costs, including, without limitation, attorneys' fees and costs, which have accrued and will continue to accrue (both before and after the entry of judgment) in connection with and as a result of the Defaults under the Loan Documents.

**General Allegations**

32. Lender is the lawful holder of the Loan Documents and is entitled to enforce them.

33. Striker is insolvent or is in imminent danger of insolvency.

34. Upon information and belief, the sum of the Striker's debts is greater than the value of all of its assets at fair valuation.

35. Striker is unable to pay its debts in the ordinary course of business.

36. Striker is unable to pay its debts as they come due.

37. No other proceedings for money judgment or foreclosure have been commenced by Lender relating to the Loan Documents.

**COUNT I**
**MONEY JUDGMENT UNDER THE STRIKER NOTES**

38. Lender hereby restates, realleges, and incorporates all of the preceding paragraphs.

39. Striker was and is in default under the Striker Notes. All amounts due and owing under the Striker Notes are passed due and immediately due and payable in full. Striker has failed to pay the amounts due under the Striker Notes.

40. Striker's defaults constitute a breach of the Loan Documents entitling Lender to exercise all of its rights and remedies thereunder.

41. As a result of the Striker's breach, Lender is entitled to a money judgment against Striker for all amounts due and to become due under the Striker Notes.

### COUNT II
### MONEY JUDGMENT UNDER THE J. POUCHER STRIKER GUARANTIES

42. Lender hereby restates, realleges, and incorporates all of the preceding paragraphs.

43. Under the J. Poucher Striker Guaranties, J. Poucher agreed to guarantee, unconditionally and absolutely, all obligations of any kind, now existing or hereafter incurred, owed by Striker to Lender including, without limitation, under the Striker Notes and other Striker Obligations.

44. J. Poucher failed to pay and perform the Striker Notes and other Striker Obligations owed by Striker to Lender.

45. J. Poucher's failure to pay the amounts due under the Striker Notes and other Striker Obligations constitute a breach of contract under the terms of the J. Poucher Striker Guaranties. Because of the breach, Lender is entitled to a money judgment against J. Poucher for the amounts due and owing under the Striker Notes.

### COUNT III
### REPLEVIN/CLAIM AND DELIVERY OF THE STRIKER COLLATERAL

46. Lender restates, realleges, and incorporates all of the preceding paragraphs.

47. The Striker Security Agreements each provide that upon an event of default thereunder, Lender is entitled to repossess and foreclose on the Striker Collateral.

48. Defaults under the Striker Security Agreements have occurred.

49. By reason of the events of default under the Loan Documents, and under Wisconsin Statute Chapters 409 and 810, the terms of the Striker Security Agreements, and applicable law, Lender is entitled, at its option, to repossess and pursue its foreclosure rights with respect to the Striker Collateral.

## COUNT IV
## APPOINTMENT OF A RECEIVER OVER STRIKER
## (INSOLVENCY OR IMMINENT DANGER OF INSOLVENCY)

50. Lender restates, realleges, and incorporates all of the preceding paragraphs.

51. Striker is insolvent or is in immediate danger of insolvency.

52. Upon information and belief, the sum of the Striker's debt is greater than the value of all of its assets at fair valuation.

53. Striker is unable to pay its debts in the ordinary course of business.

54. Striker is unable to pay its debts as they become due.

55. As a result, pursuant to Wisconsin Statute Sections 128.08(1)(b) and 813.16(4), Lender, at its option, is entitled to the immediate appointment of a receiver over Striker and its assets for the purpose of, among other things, operating, liquidating, and selling Striker's assets and distributing the proceeds in accordance with the priorities set forth in Wisconsin Statute Section 128.17.

## COUNT V
## APPOINTMENT OF A RECEIVER OVER STRIKER (PRE-JUDGMENT)

56. Lender restates, realleges, and incorporates all of the preceding paragraphs.

57. Lender has a right to possession of Striker's assets. Striker's assets are currently in the possession of an adverse party. Striker's assets may be in danger of loss or material impairment if a receiver is not appointed to recover, sell, or liquidate Striker's assets. Therefore, Lender is entitled, at its election, to the appointment of a receiver under Wisconsin Statute Section 813.16(1) and other applicable law, to take charge of and liquidate Striker's assets.

58. Striker expressly agreed in the Loan Documents that Lender may have a receiver appointed over Striker's assets upon an event of default under the Loan Documents.

## COUNT VI
## APPOINTMENT OF A RECEIVER OVER STRIKER (POST-JUDGMENT)

59. Lender restates, realleges, and incorporates all of the preceding paragraphs.

60. If Lender obtains a judgment against Striker in this action, then Lender, pursuant to Wisconsin Statute Section 813.16(2) may be entitled, at its option to the appointment of a receiver over Striker's assets, to carry the judgment into effect by operating, liquidating, and selling Striker's assets and distributing the proceeds in accordance with the priorities set forth in Wisconsin Statute Section 128.17.

61. If Lender obtains a judgment against Striker in this action, and an execution is returned unsatisfied, and Striker refuses to apply its property in satisfaction of the judgment, then Lender, at its option, is entitled to the appointment of a receiver under Wisconsin Statute Sections 128.08(1)(a) and 813.16(3) to liquidate Striker's assets and distribute the proceeds in accordance with the priorities set forth in Wisconsin Statute Section 128.17.

## RESERVATION OF RIGHTS

Through this Complaint, Lender is not necessarily seeking to enforce all of its rights and remedies against Striker's or J. Poucher's property and Lender's loan collateral. Lender specifically reserves its right to pursue other remedies against Striker, J. Poucher, others, and Lender's security agreement collateral. Nothing contained in this Complaint shall be interpreted to waive Lender's rights to seek and obtain any other relief in connection with any obligations or its collateral, whether or not such obligations or collateral are identified in this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Lender respectfully requests the entry of judgment as follows:

1. As to Count I, adjudging and decreeing that Striker is rightly and justly indebted to Lender in an amount equal to the sums owing and to become owing under the terms of the Striker Notes, including without limitation collection costs, and attorneys' fees and costs (both before and after the entry of judgment), and awarding Lender a judgment against Striker in such amount.

2. As to Count II, adjudging and decreeing that J. Poucher is rightly and justly indebted to Lender, jointly and severally with Striker, in an amount equal to the sums owing and to become owing under the terms of the Striker Notes and the J. Poucher Striker Guaranties, including without limitation collection costs, and attorneys' fees and costs (both before and after the entry of judgment), and awarding Lender a judgment against J. Poucher in such amount.

3. As to Count III, entering an order awarding to Lender, at Lender's option, immediate and complete possession of the Striker Collateral, directing Striker to immediately deliver all the foregoing to Lender, and authorizing Lender to liquidate the foregoing in accordance with Wisconsin Statute Chapters 409 and 810.

4. As to Counts IV-VI, entering an order providing that Lender, at its option, is entitled to the appointment of a receiver over Striker and its assets.

5. For such other relief as the Court may deem just and equitable.

Dated: October 2, 2025

**MASLON LLP**
By: /s/Michael Rosow
Michael A. Rosow (WI Bar No. #1114949)
225 South Sixth Street, Suite 2900
Minneapolis, Minnesota 55402
Tel: 612-672-8322

michael.rosow@maslon.com
**Attorney for Plaintiff Choice Financial Group**

POST OFFICE ADDRESS:
Maslon LLP
225 South Sixth Street, Suite 2900
Minneapolis, Minnesota 55402
Tel: 612-672-8200
michael.rosow@maslon.com